DESSÚS, PETITIONER AND APPELLEE, v. RICCI, INTERVENOR AND
APPELLANT.

APPEAL from the District Court of Ponce in Proceedings to
Protocol a Holographic Will. Administration.

No. 2063.—Decided May 21, 1920.

ADMINISTRATION—FILIATION—HEIRS.—The mere bringing of an action for ac-
knowledgment as natural child does not carry with it the presumption that the
plaintiff is actually such child and hence an heir and gives no right to peti-
tion for the administration of the estate left by the alleged natural father,
or to be made a party, or to intervene as such heir in the said proceedings.

The facts are stated in the opinion.

Messrs. López de Tord and Zayas Pizarro for the ap-
pellant.

Messrs. Parra Capó and Pérez Marchand for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

On the petition of José Leopoldo Dessús the District
Court of Ponce ordered an administration of the estate of
Angel Franceschi Gregory, deceased, and the citation of the
other heirs, legatees and creditors as well as of the minor
Rosalina Ricci because she had pending against Dessús and
others an action of filiation for acknowledgment as the nat-
ural child of Angel Franceschi in order to recover her share
of his estate. The said minor participated in the adminis-
tration for two years without objection on the part of the
interested parties and on April 26, 1919, she filed a motion
in the court alleging that although she had withdrawn her
action on the previous day before it had been disposed of
on its merits, she had filed a new complaint praying that
she be adjudged sole heir to the whole estate of Franceschi
and asked to be allowed to continue to participate in the
administration of said estate. On the other hand, Dessús
and Juan and José María Franceschi, as testamentary heirs,
moved the court on April 30, 1919, that inasmuch as Rosa-
lina Ricci had abandoned the action by virtue of which she
had been summoned and allowed to intervene, all the meas-

ures taken by the court in the administration proceeding for the purpose of safeguarding her interest should be set aside. After hearing the attorneys for the parties the court sustained that motion on May 5, following.

On April 30, Dessús and the Franceschi brothers opposed in writing Rosalina Ricci's motion of April 26, and after hearing the attorneys for the parties the court, on May 15, 1919, overruled the motion for intervention made by Rosalina Ricci, whose attorney has appealed from that ruling as well as from the ruling of May 5th.

Both appeals may be considered together because both involve the court's refusal to allow the appellant to continue to participate in the proceeding for the administration of the estate of Franceschi.

The appellant cites no statute as violated by the orders appealed from, but simply claims that the same reasons for which the court voluntarily allowed her to intervene formerly exist now after the filing of her new complaint; that as the other parties by their acts consented to her intervention they are estopped from opposing it now; that she did not wish to raise the question of whether she had sufficient interest under the law to justify such intervention, for the court held that she was a necessary party and could not now repudiate its own act; that she has no other means of securing the effectiveness of the judgment that may be rendered in her action of filiation, and that if she were excluded from the said proceeding the other parties thereto who have interests adverse to her own could dispose of the personal property without any limitation, as they have done by removing from the jurisdiction of the court all of the property belonging to the estate. The record does not show the fact upon which the last argument is based, *i. e.*, that the proceeding for administration has terminated, for if this were true it would be a sufficient reason for dismissing the appeals, in-

asmuch as their consideration would serve no practical purpose.

As the lower court ordered the citation and joining of the appellant in the administration of the estate of Franceschi because she had an action of filiation pending against the heirs from which an interest in the estate might be shown, there is no doubt that upon the abandonment of that action by the appellant the reason for her intervention immediately ceased and if- her right to intervene is again recognized it must be by reason of the new action and not of prior facts nor of the previous consent of the other parties, nor of the acts of the court; therefore the order of May 5th properly held that the intervention of Rosalina Ricci ceased upon the abandonment of the action.

The real question is whether the court erred in refusing to allow the appellant to intervene as a consequence of her new action of filiation.

The question not having been summitted on appeal, we are not called upon to decide now whether the lower court was right in ordering *motu proprio* that Rosalina Ricci be summoned to intervene in the administration proceeding, for the real question raised by the refusal of the court to allow the appellant to intervene anew because of her second action is whether the court erred in not sustaining that motion.

According to section 23 of the Special Legal Proceedings Act, the heirs may apply for the administration of the estate of a decedent, and, under section 26, in such proceedings the executor, if any, the surviving spouse, the heirs or legatees and the other creditors shall be summoned if the petition for administration is filed by a creditor. Rosalina Ricci could not apply for administration as an heir, nor was she entitled to be cited to appear and intervene in the proceedings as an heir, for pending a final decision in her favor of her action of filiation brought for the second time, she does not possess the legal status of daughter and heir of Angel Fran-

ceschi. The mere act of filing a complaint for the purpose of being declared the acknowledged natural daughter of a decedent does not signify that she really is such daughter and heir and gives her no right to apply for administration as an heir, nor to be cited to intervene as such in the said proceedings. We so held in the case of *Rivera* v. *Cámara,* 17 P. R. R. 503, cited in *Sabater* v. *Escudero,* 23 P. R. R. 794. In the case of *Iturrino* v. *Iturrino,* 24 P. R. R. 71, a natural son applied for administration pending an appeal from the judgment holding him to be such, and we held that he lacked the necessary capacity to apply for the administration of the estate because he was prohibited from doing so while the question remained *sub judice.* Whether or not Rosalina Ricci has other means for securing the effectiveness of the judgment that may be rendered in her favor in the action of filiation is for her attorney to decide.

For the foregoing reasons the orders appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.